**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

**19   1822**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAHNIA TEMPLE**<br>**154 W Walnut Park Drive**<br>**Philadelphia, PA 19120**<br>    **Plaintiff,**<br><br>v.<br><br>**THE CHILDREN'S HOSPITAL OF**<br>**PHILADELPHIA**<br>**3401 Civic Center Boulevard**<br>**Philadelphia, PA 19104**<br>    **Defendant.** | Civil Action No.<br><br>**Complaint and Jury Demand** |

### CIVIL ACTION

Plaintiff, Tahnia Temple (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against The Children's Hospital of Philadelphia (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Family and Medical Leave Act ("FMLA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, The Children's Hospital of Philadelphia is a medical center located at 3401 Civic Center Boulevard, Philadelphia, PA 19104.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. Defendant is an entity engaged in an industry or activity affecting commerce which employed 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

## JURISDICTION AND VENUE

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

2

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.

12. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination against Defendant.

13. The Complaint was assigned a Charge Number 530-2019-00357 and was dual filed with the Pennsylvania Human Relations Commission.

14. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated January 28, 2019. Plaintiff received the notice by mail.

15. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

17. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

18. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

3

19. Plaintiff suffers from the disability of cerebral palsy. Plaintiff was born with this disability.

20. Due to cerebral palsy, Plaintiff suffers from stiffness, fatigue and pain in her knees, legs, feet and back.

21. The major life activities that cerebral palsy affects, includes, but is not limited to, standing, walking, concentrating, thinking and working.

22. In 2007, Plaintiff began working for Defendant through a staffing agency.

23. Later in 2007, Defendant hired Plaintiff as a Patient Care Associate.

24. Plaintiff was well qualified for her position and performed well.

25. In or around 2014, Defendant changed Plaintiff's position to Unit Clerk.

26. Plaintiff was well qualified for her position and performed well.

27. In or around May 2017, Plaintiff applied for Intermittent Family and Medical Leave Act ("FMLA") leave due to her disability of cerebral palsy.

28. Dr. Melissa Schiffman signed Plaintiff's Healthcare Provider Certification as part of her FMLA Request paperwork.

29. Defendant approved Plaintiff's request for Intermittent FMLA leave.

30. However, when Plaintiff utilized her approved Intermittent FMLA leave during her shifts that are scheduled on the weekend, Defendant forces her to make up the time that she missed.

31. When Plaintiff makes up the time, Defendant does not return the made-up time back to her time bank, and so despite requiring her to make up the time, Defendant still allots the made up time as FMLA time that Plaintiff has used towards her twelve week a year allotment.

4

32. On numerous occasions, Plaintiff did not elect to utilize her approved FMLA leave when the medical need arose, and instead felt forced to work so she did not have to make up the time.

33. Defendant's policy effectively prevents Plaintiff from utilizing her Intermittent FMLA leave on the weekends since she is forced to make up the time and only to then allotted as FMLA time used.

34. Plaintiff has made multiple complaints about Defendant's policy to Carol Rocco, Plaintiff's supervisor, Tanya Haley, Manager, and Nina LNU, Supervisor, but is told that it is Defendant's policy.

35. In or around May 2018, Plaintiff reapplied for Intermittent FMLA leave and Dr. Daniel K. Moon completed Plaintiff's Healthcare Provider Certification.

36. Defendant approved Plaintiff's Intermittent FMLA leave request.

37. Defendant has continued its policy which has effectively discouraged and prevented Plaintiff from utilizing her approved Intermittent FMLA leave on multiple occasions.

### COUNT I - DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

40. Plaintiff has a disability that substantially limits one or more major life activity.

41. The above actions by Defendant also constitute a failure to accommodate and a failure to

5

engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

42. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

43. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

44. Plaintiff has a disability that substantially limits one or more major life activity.

45. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III - INTERFERENCE
### FAMILY MEDICAL LEAVE ACT, 29 USCA §2615(b) *et. seq.*

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

47. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

48. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave in order to care for her disabilities.

6

49. Defendant acted in bad faith by interfering with Plaintiff's FMLA leave.

50. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

51. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1)

52. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

53. Plaintiff demands judgment in her favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

54. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to

7

counsel fees and costs.

## COUNT IV – DISCRIMINATION/RETALIATION
## FAMILY MEDICAL LEAVE ACT

55. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

56. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the Family Medical Leave Act.

57. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own serious medical condition.

58. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

59. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

60. As a result of Plaintiff's invocation of her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by requiring her to make up any time where she uses her approved FMLA time and not crediting her the time back and instead counting it towards her FMLA allotment.

61. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

62. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

63. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double

8

liquidated damages under the FMLA for violations not made in good faith.

64. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

65. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Tahnia Temple, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

9

(f)  Recoverable costs;

(g)  Pre and post judgment interest;

(h)  An allowance to compensate for negative tax consequences;

(i)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the PHRA and the FMLA.

(j)  Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.



## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

10

Date: April 26, 2019                    **By:** /s/ David M. Koller
                                        David M. Koller, Esquire
                                        Sarah R. Lavelle, Esquire
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        215-545-8917
                                        davidk@kollerlawfirm.com
                                        slavelle@kollerlawfirm.com

                                        *Counsel for Plaintiff*